LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JOVANNY SANCHEZ,
*on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

    Plaintiff,

           v.

INTERNATIONAL CONCRETE CORP
    d/b/a INTERNATIONAL CONCRETE,
TEAM ONE NYC INC
    d/b/a INTERNATIONAL CONCRETE,
and SAM GLUCK,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff JOVANNY SANCHEZ ("Plaintiff SANCHEZ," or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, INTERNATIONAL CONCRETE CORP d/b/a INTERNATIONAL CONCRETE, TEAM ONE NYC INC d/b/a INTERNATIONAL CONCRETE (collectively, the "Corporate Defendants"), and SAM GLUCK (the "Individual Defendant"; collectively with the Corporate Defendants, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff SANCHEZ alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime compensation, due to time-shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime compensation, due to time-shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff SANCHEZ is a resident of Bronx County, New York.

6. Defendants operate a construction business under the tradename, "INTERNATIONAL CONCRETE."

7. Corporate Defendant INTERNATIONAL CONCRETE CORP d/b/a INTERNATIONAL CONCRETE ("Defendant "INT'L CONCRETE CORP") is a domestic business corporation organized under the laws of New York with an address for service of process located at 320 ROEBLING STREET, SUITE 403, BROOKLYN, NY 11211.

8. Corporate Defendant TEAM ONE NYC INC d/b/a INTERNATIONAL CONCRETE ("Defendant TEAM ONE NYC INC") is a domestic business corporation organized under the laws of New York with an address for service of process located at 100A BROADWAY, SUITE 134, BROOKLYN, NY 11249.

9. Individual Defendant SAM GLUCK is an owner and/or Chief Executive Officer of Corporate Defendants INT'L CONCRETE CORP and TEAM ONE NYC INC. SAM GLUCK exercises control over the employment terms and conditions of Plaintiff SANCHEZ, FLSA Collective Plaintiffs, and Class members. Defendant SAM GLUCK possesses and exercises the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiff, and Class members. At all times, employees could complain to Defendant SAM GLUCK regarding any of the terms of their employment, and Defendant SAM GLUCK would have the authority to effect any changes to the quality and terms of employees' employment. Defendant SAM GLUCK ensures that employees effectively perform their duties and that the business is operating efficiently and profitably. Defendant SAM GLUCK exercises functional control over the business and financial operations of Corporate Defendants INT'L CONCRETE CORP and TEAM ONE NYC INC. Defendant SAM GLUCK possesses the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and can reprimand employees.

10. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, New York Labor Law, and regulations thereunder.

11. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff SANCHEZ brings claims for relief as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former non-exempt construction workers employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs have been and are similarly situated, have had and continue to have substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in Defendants' willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS—NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt construction workers employed by Defendants

(the "Class"), on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff SANCHEZ's claims are typical of those that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper wages due to time-shaving, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide notices to Class members on the date of hiring and annually, as required under New York Labor Law.

19. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each

Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures by Defendants.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not

parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22.  Defendants and other employers throughout New York State violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

   d) Whether Defendants paid Plaintiff and Class members for all hours;

   e) Whether Defendants caused time-shaving by paying Plaintiff and Class members only those hours which they were scheduled to work, rather than for the actual hours they worked, including all hours worked in excess of forty (40) each week;

    f) Whether Defendants provided proper wage statements informing Plaintiff and the Class members of information required to be provided on wage statements, as required under the New York Labor Law; and

    g) Whether Defendants provided proper wage and hour notice to Plaintiff and the Class members, pursuant to the requirements of the New York Labor Law.

## STATEMENT OF FACTS

24. In or around April 2019, Plaintiff SANCHEZ was hired by Defendants to work as a welder for Defendants' construction company, INTERNATIONAL CONCRETE. Plaintiff's employment with Defendants terminated on July 31, 2019.

25. During Plaintiff SANCHEZ's employment with Defendants, he regularly worked over forty (40) hours per workweek. Throughout his entire employment with Defendants, Plaintiff was scheduled to work from 7:00 a.m. to 3:30 p.m., five (5) days each week, from Monday to Friday, for a total of forty-two and one-half (42.5) hours per week.

26. Throughout his employment with Defendants, Plaintiff's regular rate of pay was $40.00 per hour, and his overtime rate of pay was $60.00 per hour. Based on Plaintiff's direct observations and conversations with other employees, FLSA Collective Plaintiffs and Class members had similar work schedules and were compensated at similar rates.

27. Throughout his employment with Defendants, Plaintiff SANCHEZ was regularly required to clock-in and clock-out by signing Defendants' timekeeping records maintained in a notebook at each job site. At all times relevant to this action, Plaintiff suffered from Defendants' unlawful time-shaving practices by which, towards the end of each of their scheduled shifts, employees were instructed by Defendants' managers to write down each clock-out time as

occurring fifteen (15) to twenty-five (25) minutes *prior* to the employee's *actual* clock-out time through which they continued performing work tasks. As a result, Defendants failed to compensate Plaintiff for approximately one-and-one-half (1.5) hours of overtime each week. Similarly, FLSA Collective Plaintiffs and Class members similarly suffered from Defendants' impermissible policy and failure to pay proper wages for all hours worked. As with Plaintiff SANCHEZ, FLSA Collective Plaintiffs and Class members performed off-the-clock work due to Defendants' time-shaving practices, and were not compensated for this off-the-clock work, including all hours worked overtime.

28. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements, which did not reflect actual hours worked, to Plaintiff and Class members, as required under the New York Labor Law.

29. Defendants knowingly and willfully failed to provide proper wage and hour notice to Plaintiff and Class members, as required under the New York Labor Law.

30. Plaintiff SANCHEZ retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiff realleges and reavers Paragraphs 1 through 30 of this Class and Collective Action Complaint as if fully set forth herein.

32. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

34. At all relevant times, the Corporate Defendants had gross annual revenues in excess of $500,000.

35. At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount owed for their hours worked.

36. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' policy of time-shaving, including hours worked overtime.

37. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time-and-one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

38. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all of their hours worked—including all hours worked in excess of forty (40) per workweek, and

which were to be compensated by Defendants at the statutory rate of time-and-one-half—when Defendants knew or should have known such compensation was due.

40. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages due to time-shaving, plus an equal amount as liquidated damages.

43. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this Class and Collective Action Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

46. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their proper wages for all hours worked, including those in excess of forty (40) in a workweek.

47. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff wages in the lawful amount for all hours worked, including those in excess of forty (40) in a workweek, due to Defendants' time-shaving policies and practices.

48. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

49. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees pursuant to the requirements of the New York Labor Law.

50. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages due to time-shaving—including all overtime hours worked and to be compensated at the statutory rate of time-and-one-half—damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, as well as costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime compensation at the rate of not less than one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, due under the FLSA and NYLL and which have been caused by Defendants' time-shaving policies and practices;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and wages pursuant to the FLSA;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and wages pursuant to the NYLL;

f. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff SANCHEZ as Representative of Class; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 31, 2020

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: */s/ C.K. Lee*

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011

Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*